ELECTRONICALLY FILED ON NOVEMBER 16, 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CA, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | No.: 06-681C<br>Judge: Christine O.C. Miller |

**PLAINTIFF CA, INC.'S MOTION FOR AN ORDER DIRECTING THE U.S. DEPARTMENT OF THE NAVY TO ISSUE A DECISION BY JANUARY 15, 2007 AND STAYING PROCEEDINGS ON COUNTS TWO AND THREE OF CA, INC.'S COMPLAINT**

The Contract Disputes Act of 1978, 41 U.S.C. § 605(c)(3) and (4) (2000), authorizes this Court to direct a contracting officer to issue a decision on a claim within a reasonable period of time when the Court, upon consideration of all the circumstances, determines that a contracting officer unduly delayed issuing a decision on a claim. For the reasons set forth in Plaintiff CA, Inc.'s ("CA") attached memorandum, filed concurrently herewith, the delay of Defendant United States of America, acting through the U.S. Department of the Navy ("the Navy"), in issuing a decision on CA's claim is unreasonable. CA provided the Navy contracting officer a draft claim on April 24, 2006, met with the Navy to discuss the draft claim on May 23, 2006, and delivered its certified claim to the Navy on June 12, 2006. Yet, on August 11, 2006, the Navy sent a fax stating it would not issue a decision until June 29, 2007 — *over 1 full year* after the Navy received the claim and over *14 months* after it received the substantially identical draft claim. It is on this basis that CA, through Count One of its Complaint and this motion, respectfully moves

this Court to enter the attached proposed order and direct the Navy contracting officer to issue a decision on CA's claim by January 15, 2007.

Counts Two and Three of CA's Complaint present CA's legal theories for recovery pursuant to Federal Acquisition Regulation § 51.102(f)(2) (2005) and the Takings Clause of the Fifth Amendment. In large part, these causes of action would provide relief in the alternative to the relief sought in CA's claim. As set forth in the attached memorandum, staying these counts until the Navy issues its decision on the claim would serve the interests of judicial economy and principles of comity.

CA conferred with counsel for the government about CA's two requests set forth herein. The parties have not yet been able to reach an agreement regarding these issues.

Date: November 16, 2006

Respectfully submitted,

s/ Sarah Gill

Sarah Gill
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6643 (tel.)
(202) 663-6363 (fax)
sarah.gill@wilmerhale.com
*Counsel of Record for Plaintiff*
*COMPUTER ASSOCIATES, INC.*

*Of Counsel*:
Jay P. Urwitz
Todd R. Steggerda
John Janecek
Kevin R. Pinkney
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000 (tel.)
(202) 663-6363 (fax)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CA, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No.: 06-681C<br>Judge: Christine O.C. Miller |

**MEMORANDUM IN SUPPORT OF PLAINTIFF CA, INC.'S MOTION FOR AN ORDER DIRECTING THE U.S. DEPARTMENT OF THE NAVY TO ISSUE A DECISION BY JANUARY 15, 2007 AND STAYING PROCEEDINGS ON COUNTS TWO AND THREE OF CA, INC.'S COMPLAINT**

Plaintiff CA, Inc. ("CA") brought the present action against Defendant United States of America, acting through the U.S. Department of the Navy ("the Navy"), because the Navy acquired, accepted, and used licenses for CA's commercial software and related services, but failed to pay for them. Indeed, the Navy's own calculations in 2003 show that $6,782,170.99 is due and owing under the relevant purchase orders. Because of the delay, Prompt Payment Act penalties of $312,750.77 are also due, as is an additional amount of $3,876,923 for the Navy's over-usage of the CA software.

CA submitted its claim to the Navy contracting officer on June 12, 2006, and then — pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 605(c)(3) (2000) — anticipated receiving a decision "within a reasonable time." Yet, the Navy has told CA that it will not issue a decision on CA's claim until June 29, 2007, over 1 year after CA submitted it for resolution. When the contracting officer unduly delays issuing a decision on a claim, the CDA authorizes this Court to order the contracting officer to issue a decision in a specified period of time. *Id.* § 605(c)(4). Accordingly, with Count One of its Complaint, this motion and

memorandum, CA moves this Court to enter the attached proposed order directing the Navy to issue a decision on CA's claim by January 15, 2007, or such date as determined by the Court.

CA also respectfully moves for an order staying the proceedings with regard to Counts Two and Three of its Complaint — CA's causes of action pursuant to Federal Acquisition Regulation ("FAR") § 51.102(f)(2) (2005) and the Takings Clause of the Fifth Amendment — until the Navy has resolved CA's claim. In large part, the legal theories for recovery in Counts Two and Three would provide relief in the alternative to the relief sought in CA's claim. As set forth herein, granting CA's motion for a stay would serve the interests of judicial economy and principles of comity.

## I. BACKGROUND

From 1998 to 2002, the U.S. Naval Forces Europe acquired, accepted, and used licenses for CA's commercial software and related services, pursuant to various contracts and purchase orders.[1/] To date, the Navy has refused to pay either CA or the Navy's purchasing agent PSC, Inc. ("PSC") the $6,782,170.99 that — even according to the Navy's own calculations in 2003 — is due and owing under the relevant purchase orders, and Prompt Payment Act penalties of $312,750.77 now apply.[2/] The Navy also owes an additional $3,876,923 because it used CA's software on more, and more powerful, computers than permitted by the software licenses. The Navy has exacerbated the situation by stating that it needs until June 29, 2007 to resolve CA's claim, which seeks compensation from the Navy for these amounts that are due and owing.

---

[1/] CA's Complaint describes the contracts, purchase orders, and the Navy's use of CA's software in detail.

[2/] CA maintains that PSC was a purchasing agent for the Navy. *See United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1551 (Fed. Cir. 1983). CA understands that the Navy has a contract with PSC and that the contract is classified. CA has not been provided access to this contract.

CA has placed dozens of telephone calls, sent numerous emails, and made multiple written inquiries — all in an attempt to collect the outstanding payments without resorting to litigation. By the spring of 2006, CA concluded that its only options were to seek relief pursuant to the CDA by filing a claim with the Navy contracting officer and to seek additional relief from this Court. Still attempting to resolve this dispute informally, on April 24, 2006, CA provided a draft claim to the Navy. On May 23, 2006, CA met with the Navy to discuss the claim. On June 12, 2006, CA submitted its certified claim to the Navy, largely unchanged from the April 24, 2006 draft. CA's claim is 24 double-spaced pages and contains many guiding references to the documents underlying its claim. The claim includes only 1 volume of exhibits, which is about 1 inch thick, and includes the underlying documents needed to resolve the claim.

On August 11, 2006, precisely 60 days after the Navy received CA's claim, the Navy sent CA a fax stating it would decide CA's June 12, 2006 claim by June 29, 2007. June 29, 2007 is *over 1 full year* after the Navy received the certified claim and over *14 months* after it received the substantially identical draft claim. This extensive delay is entirely unwarranted for a number of reasons, including the fact that CA merely seeks payment for the commercial software licenses and related services that the Navy acquired, accepted and used.

CA conferred with the Navy on November 2, 2006 about CA's request for an earlier resolution of CA's claim. More recently, CA conferred with counsel for the government about CA's two requests set forth herein. The parties have not yet been able to reach an agreement regarding these issues.

## II. THE COURT SHOULD DIRECT THE NAVY TO ISSUE A DECISION ON CA'S CLAIM BY JANUARY 15, 2007

The CDA generally requires contracting officers to issue decisions on claims within 60 days. 41 U.S.C. § 605(c)(2)(A). When a claim is for an amount over $100,000, however, the

contracting officer may extend the 60-day deadline by notifying the contractor of the new deadline during the initial 60-day period. *Id.* § 605(c)(2)(B). In such cases, the CDA still requires the contracting officer to issue a decision "within a reasonable time." *Id.* § 605(c)(3). When the contracting officer unduly delays issuing a decision, which the Navy contracting officer has done here, a court may "direct [the] contracting officer to issue a decision in a specified period of time" that the court determines is reasonable. *Id.* § 605(c)(4). In the present case, directing the Navy to issue a decision by January 15, 2007 would provide the Navy with a more than reasonable opportunity to resolve the matter.

The CDA and its implementing regulations measure reasonableness against the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor. *Id.* § 605(c)(3); 48 C.F.R. § 33.211(d) (2005); *Fru-Con Constr. Corp.*, 2002 ASBCA LEXIS 3, at *6, 2002-1 B.C.A. (CCH) ¶ 31,729 (Jan. 15, 2002) (applying reasonableness factors and concluding claim is deemed denied) (cited by *Info. Int'l Assocs., Inc. v. United States*, __ Fed. Cl. __, 2006 WL 3094075, at *11 (Oct. 31, 2006)); *VECO, Inc.*, 1995 DOT BCA LEXIS 25, at *6-7, 96-1 B.C.A. (CCH) ¶ 28,108 (Dec. 8, 1995) (applying reasonableness factors and ordering contracting officer to resolve claim in 28 days). The third reasonableness factor is the time that the government or its contracting officer first became aware of the issues eventually included in the claim. *Info. Int'l Assocs.*, 2006 WL 3094075, at *10-11. The Navy's self-imposed deadline of June 29, 2007 is unreasonable under all of these factors.

Consideration of the first factor, the size and complexity of CA's claim, demonstrates that the Navy's June 29, 2007 deadline — 14 months after the Navy received CA's draft claim and 12 months after it received the certified claim — is an unreasonable delay. *See* 41 U.S.C. § 605(c)(3). In *Fru-Con*, the claim was for $7.7 million and had a 28-page narrative, a 1-volume

appendix, and a 54-page cost impact analysis. *Fru-Con*, 2002 ASBCA LEXIS 3, at *2, 5. The Board considered the reasonableness factors and concluded that failing to issue a decision within 7 1/2 months of receiving the claim was unreasonable. *Id.* at *5-6, 9. CA's claim is much less complex than the claim in *Fru-Con*: CA's claim involves slightly more money, $10.7 million, but only a 24-page narrative, a 1-volume appendix, and no cost impact analysis. *See also Alaska Pulp Corp. v. United States*, 34 Fed. Cl. 100, 102, 104 (1995) (more than 11 months after receipt of claim is unreasonable for $1.1 billion claim involving 38-page narrative, hundreds of pages of exhibits, and multiple separate claims); *VECO*, 1995 DOT BCA LEXIS 25, at *2-3, 10 (11 months after receipt of request for equitable adjustment and 4 months after receipt of claim is unreasonable for $5.9 million claim involving 23 volumes of documentation and 7 subcontractors and requiring audit and specialists to prepare as-built construction schedule). If the Court were to order the Navy to issue a decision by January 15, the Navy still would have 7 months from receipt of CA's certified claim to issue the decision, which is almost the same as the 7 1/2 months *Fru-Con* said was too long. *Fru-Con*, 2002 ASBCA LEXIS 3, at *9.

Consideration of the second reasonableness factor, the adequacy of the information provided with the claim, also supports a far shorter decision period. *See* 41 U.S.C. § 605(c)(3). Here, with its 1-volume appendix to its claim, CA has submitted the documents needed to resolve the claim.

Application of the third factor, the amount of time since the government (or its contracting officer) first became aware of the issues eventually included in the claim, also demonstrates the reasonableness of directing the Navy to issue the decision in January 2007. *See Alaska Pulp*, 34 Fed. Cl. at 104. Since at least August 2003, the contracting officer responsible for CA's claim, through her representative Terry Sprague, was aware of the Navy's failure to pay

amounts due pursuant to the contracts. This is comparable to the length of time during which the government was aware of Fru-Con's claims (at least 4 years) prior to receiving Fru-Con's claim. *See Fru-Con*, 2002 ASBCA LEXIS 3, at *2; *see also Alaska Pulp*, 34 Fed. Cl. at 101-102 (government aware of claim for 16 months prior to receiving claim). In addition, the Court must consider the fact that the Navy received CA's draft claim on April 24, 2006 — almost 9 months before CA's requested decision date. *Cf. VECO*, 1995 DOT BCA LEXIS 25, at *8-9.

The Navy's justification for its delay does not render the delay reasonable. In its letter notifying CA that it would issue a final decision on the claim no later than June 29, 2007, the Navy asserted that "resolution of [CA's] claim is complicated by the significant challenges associated with the relocation of relevant Government offices from London to Naples, Italy and the retirement or departure of several key personnel from various departmental offices throughout Western Europe." *Letter from Contracting Officer Mary E. Van Meer to Kevin R. Pinkney and Jay Urwitz* (dated Aug. 4, 2006). *Fru-Con* addressed a similar situation, where the government asserted that a shortage of attorneys and the temporary assignment of contracting office staff to disaster relief efforts would delay issuing a decision. *Fru-Con*, 2002 ASBCA LEXIS 3, at *5, 9. Considering the government's reasons for its delay, the Board ruled that personnel shortages are "wholly and exclusively within the control of the [government]" and thus do not justify delaying the issuance of a decision. *Id.* at *9. Thus, both the relocation of Navy offices and the fact that some personnel have transferred, departed, or retired are "matter[s] wholly and exclusively within control" of the Navy that simply do not justify delay.

## III. THE COURT SHOULD STAY THE PRESENT PROCEEDINGS WHILE THE NAVY IS RESOLVING CA'S CLAIM

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Questions of when and how to stay proceedings are within the sound discretion of the trial court. *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis*, 299 U.S. at 254-55). The Court should exercise its inherent power and grant CA's motion for a stay of the proceedings of Counts Two and Three of the Complaint — CA's causes of action pursuant to FAR § 51.102(f)(2) and the Takings Clause of the Fifth Amendment — until the Navy has resolved CA's claim. This stay would serve the interests of judicial economy and the principles of comity. *Cellco P'ship v. United States*, 54 Fed. Cl. 260, 262 (2002); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 801-803 (1993) (denying motion to lift stay).

Counts Two and Three of CA's Complaint seek, in part, recovery in the alternative to the CDA-based recoveries requested in CA's claim against the Navy. This Court, however, presently lacks jurisdiction over CA's CDA-based causes of action, because those claims are pending with the Navy. A stay would preserve judicial economy because it would avoid unnecessary litigation of alternative claims. *See Cellco P'ship*, 54 Fed. Cl. at 262. If the Navy denies CA's claim, CA will ask the Court for leave to amend its Complaint and add its CDA-based causes of action. A stay would also preserve judicial economy by avoiding "piecemeal litigation." *See*, *e.g.*, *Northrop Corp.*, 27 Fed. Cl. at 804.

Furthermore, the doctrine of comity requires that when two courts have concurrent jurisdiction over the subject matter of a case, the court in which the suit was first filed continue the litigation and the other court stay its proceedings. *Id.* at 801. Reflecting principles of comity, the CDA provides that when this Court gains jurisdiction over a claim because the contracting officer failed to issue a decision within the period required, the Court "may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer." 41

U.S.C. § 605(c)(5). Similarly, when, as in the case at bar, the Court has jurisdiction over some causes of action but others are still pending before the Navy, the Court can stay the proceedings while waiting for resolution of the claim.

## IV. CONCLUSION

For the foregoing reasons, CA respectfully submits that the Court should enter the attached proposed order directing the Navy to issue a decision on CA's claim by January 15, 2007. In addition, the Court should stay the proceedings on Counts Two and Three of CA's Complaint until the Navy issues a decision on CA's claim.

Date: November 16, 2006

Respectfully submitted,

s/ Sarah Gill
Sarah Gill
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6643 (tel.)
(202) 663-6363 (fax)
sarah.gill@wilmerhale.com
*Counsel of Record for Plaintiff*
*COMPUTER ASSOCIATES, INC.*

*Of Counsel:*
Jay P. Urwitz
Todd R. Steggerda
John Janecek
Kevin R. Pinkney
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000 (tel.)
(202) 663-6363 (fax)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CA, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No.: 06-681C

Judge: Christine O.C. Miller

**[PROPOSED] ORDER DIRECTING THE U.S. DEPARTMENT OF THE NAVY TO ISSUE A DECISION BY JANUARY 15, 2007 AND STAYING PROCEEDINGS ON COUNTS TWO AND THREE OF PLAINTIFF CA, INC.'S COMPLAINT**

On November 16, 2006, Plaintiff CA, Inc. ("CA"), moved, pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 605(c)(3) and (4) (2000), for the Court to direct the U.S. Department of the Navy ("the Navy") to issue a decision on CA's pending claim by January 15, 2007. CA further moved for a stay of the proceedings with regard to Counts Two and Three of CA's Complaint until the Navy resolves CA's claim. Having reviewed all the materials submitted, and good cause having been shown, it is therefore ORDERED that the Navy shall issue a decision on CA's claim by January 15, 2007, and it is furthered ORDERED that the proceedings on Counts Two and Three of the Complaint are stayed until the issuance of the Navy's decision on CA's claim.

**IT IS SO ORDERED.**

Dated: ______________________________

______________________________
The Honorable Christine O.C. Miller
United States Court of Federal Claims Judge



US1DOCS 5936634v1